UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP A. KOCH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA WATER SERVICE COMPANY,<br><br>　　　　　Defendant. | Case No. 1:22-cv-01333-KES-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE<br><br>(Docs. 34-36) |

On October 19, 2022, plaintiff Philip A. Koch initiated this action with the filing of a complaint. Doc. 1. On January 10, 2023, defendant California Water Service Company moved to dismiss the action. Doc. 9. After being granted leave to file a late opposition, Doc. 15, plaintiff opposed the motion on February 23, 2023, Doc. 16. Defendant replied on March 3, 2023. Doc. 17. On August 7, 2024, the motion was referred to the assigned magistrate judge for preparation of findings and recommendations. Doc. 32.

On November 12, 2024, the assigned magistrate judge issued findings and recommendations to grant the motion and to dismiss this action with prejudice. Doc. 34 ("F&R"). The assigned magistrate judge determined that plaintiff had failed to plausibly allege facts to state a claim of disability discrimination under the ADA. *Id.* at 21. Specifically, the

1    assigned magistrate judge found that plaintiff had not plausibly alleged that defendant
2    misclassified him as disabled or regarded him as having a disability, *id*. at 13, that plaintiff was
3    not a qualified individual within the meaning of the ADA, *id*. at 16-17, and that plaintiff failed to
4    allege defendant improperly terminated him for engaging in a protected activity, *id.* at 17-18.
5    Further, the magistrate judge found that plaintiff's complaint failed to state a claim of retaliation
6    under the ADA. *Id.* at 18-19.  The magistrate judge concluded by noting that any remaining state
7    law claims should be dismissed if all plaintiff's asserted federal claims are dismissed, as the
8    findings and recommendations recommended, and discussed whether plaintiff had sufficiently
9    exhausted his administrative remedies prior to bringing his claims. *Id.* at 19-21.
10        On November 25, 2024, plaintiff filed objections to the findings and recommendations.
11   Doc. 35 ("Pl.'s Objs.").  On December 6, 2024, defendant responded to plaintiff's objections.
12   Doc. 36.
13        Pursuant to 28 U.S.C. § 636(b)(1), the Court conducted a de novo review of this case.
14   Having carefully reviewed the file, the Court concludes that the findings and recommendations
15   are supported by the record and by proper analysis and that plaintiff's objections do not
16   undermine such analysis.
17        In his objections, plaintiff first asserts that the magistrate judge erred by not considering
18   his claims under the ADA which do not require that plaintiff have a disability or be
19   mischaracterized as having a disability.[1]  *See* Pl.'s Objs. 1-2, 6.  Plaintiff is correct that "[c]laims
20   of improper disability-related inquiries or medical examinations, improper disclosure of
21   confidential medical information, or retaliation may be brought by any applicant or employee, not
22   just individuals with disabilities."  29 C.F.R. pt. 1630 App. n.1 (EEOC Interpretive Guidance on
23   Title I of the ADA) (citing *Cossette v. Minnesota Power & Light*, 188 F.3d 964, 969–70 (8th Cir.
24   1999); then citing *Fredenburg v. Contra Costa County Dep't of Health Servs.*, 172 F.3d 1176,

---

[1] Plaintiff does not argue that the magistrate judge erred in concluding that plaintiff failed to state a claim for disability discrimination under the ADA.  *See generally* Pl.'s Objs; *see also* Pl.'s Objs. 6 ("For these reasons, the plaintiff requests the court to decide that all the claims discussed above, *which are not based upon a claim of disability*, are allowed to proceed.") (emphasis added).

2

1182 (9th Cir. 1999); then citing *Griffin v. Steeltek, Inc.*, 160 F.3d 591, 594 (10th Cir. 1998)). However, plaintiff has not plausibly pleaded any such claim.

Courts have routinely dismissed claims like the ones plaintiff attempts to bring—namely that employer COVID-19 policies, especially those implemented during the height of the pandemic, constitute prohibited disability-related inquiries or medical examinations. *See, e.g.*, *Monegas v. City and County of San Francisco Dept. of Public Health*, Case No. 22-cv-04633-JSW, 2023 WL 5671933, at *3 (N.D. Cal. Sept. 1, 2023); *see also Chancey v. BASF Corp.*, No. 3:22-cv-34, 2022 WL 18438375, at *3-4 (S.D. Tex. Dec. 29, 2022), *aff'd*, No. 23-40032, 2023 WL 6598065 (5th Cir. 2023). Similar to the plaintiff in *Monegas*, plaintiff here alleges that, in implementing a policy requiring employees to submit to COVID-19 testing, to report their vaccination status, to wear masks, to social distance, and to report their temperature at the start of their shift, defendant subjected plaintiff to unlawful disability-related inquiries and medical examinations under the ADA. *See Monegas*, 2023 WL 5671933, at *1.

In *Monegas*, the court held that inquiring whether an employee was vaccinated could not constitute a *disability*-related inquiry given that the court had held that being unvaccinated or being perceived as potentially having COVID-19 does not qualify as a disability under the ADA. *Id.* at *3 (emphasis in original). Moreover, it held that employer-mandated COVID-19-related health surveys did not constitute a prohibited inquiry given the EEOC's guidance that employer-required COVID-19 testing complies with applicable ADA standards, especially at the peak of the pandemic. *Id.*

The court further held that an employer policy requiring employees "to get the COVID-19 vaccine, to wear masks, and to isolate when positive do not qualify as medical examinations under the ADA." *Id.* The court also noted that, even if these requirements could be considered medical examinations, again, the EEOC "expressly advised that COVID-19 medical examinations would always meet the applicable ADA standard if they were administered in 2021 or the first half of 2022," during the height of the pandemic. *Id.*

Similarly, the court in *Chancey* held that similar policies and practices related to COVID-19—including social distancing, taking COVID-19 tests, and masking—did not meet the

3

1    definitions of disability-related inquiries or medical examinations.  2022 WL 18438375, at *3-4.
2    The Fifth Circuit affirmed dismissal of the claims, noting also that the plaintiff did not plausibly
3    plead that he had been subjected to any such examinations or inquiries given plaintiff's allegation
4    that defendant never conducted "an individualized assessment" of him and that plaintiff had
5    refused to comply with the employer's COVID-19 policies.  2023 WL 6598065, at *2.

6         As noted, plaintiff alleges nearly the same facts as the plaintiff in *Monegas* and similar
7    facts to those of *Chancey*.  As in those cases, plaintiff's complaint concerns the period in 2021
8    and the first half of 2022, during the height of the pandemic.  Moreover, here, as in *Chancey*,
9    plaintiff confirms defendant "never performed an individual assessment" of him and that plaintiff
10   refused to comply with defendant's COVID-19 policies mandating vaccination, wearing a mask,
11   and consenting to have his temperature taken.  For the same reasons as the *Monega* and *Chancey*
12   courts held that those plaintiffs did not state a claim under the ADA regarding unlawful disability-
13   related inquiries and examinations, plaintiff here also has failed to state such a claim.

14        Next, plaintiff argues that the magistrate judge improperly concluded that his retaliation
15   claim should be dismissed, despite finding that plaintiff properly alleged he engaged in protected
16   activity and that plaintiff suffered an adverse employment action due to such activity.  Pl.'s Objs.
17   2.  He contends that the magistrate judge erroneously concluded that plaintiff needed to object to
18   defendant's COVID-19 policies *before* they were implemented to assert a retaliation claim.  *Id.*

19        There are several issues with plaintiff's arguments.  First, the magistrate judge did not find
20   that plaintiff properly alleged an adverse employment action based on his engaging in a protected
21   activity.  *See* F&R 17-19 ("The Court finds that Plaintiff has failed to allege improper termination
22   for protected activity.").  Rather, the magistrate judge correctly found that plaintiff "was not
23   terminated for objecting to Defendant's COVID-19 policy" but for "refusing to comply with it,"
24   which courts consistently hold is not actionable under the ADA.  *Id.* at 17-19 (citing *West v. Scott*
25   *Lab'ys, Inc.*, No. 22-CV-07649-CRB, 2023 WL 2632210, at *6 (N.D. Cal. Mar. 24, 2023), *aff'd*,
26   No. 23-15502, 2023 WL 6172009 (9th Cir. 2023)); *see also, e.g.*, *Lundstrom v. Contra Costa*
27   *Health Servs.*, No. 22-CV-06227-CRB, 2022 WL 17330842, at *6 n.7 (N.D. Cal. Nov. 29, 2022),
28   *aff'd*, No. 22-16946, 2023 WL 6140588 (9th Cir. 2023) (finding that opposing COVID-19

1   policies was not a protected activity given plaintiff had not plausibly alleged her employer's
2   COVID-19 policies violated the ADA or that plaintiff's unwillingness to abide by them was a
3   request for accommodation given plaintiff was not disabled).

4   Second, the magistrate judge analyzed plaintiff's retaliation under two theories: (1) that
5   the alleged retaliation was implementing a COVID-19 policy and (2) that the alleged retaliation
6   was terminating his employment. F&R at 18-19. As to the first theory, the magistrate judge
7   correctly found that it was unreasonable to infer that defendant enacted the COVID-19 policy in
8   retaliation for plaintiff's criticism of the policy, as defendant implemented the policy before
9   plaintiff made any objection to it. *Id.* at 18. As to the second theory, the magistrate judge found
10  that "it is also unreasonable to infer that there was a causal connection between Plaintiff's
11  criticism of Defendant's COVID-19 policy and his termination" because of the finding that
12  plaintiff was not terminated for stating objections to the policy, but rather, for his refusal to
13  comply with its terms. *Id.* at 18-19 (citing *Together Emps. v. Mass Gen. Brigham Inc.*, 573 F.
14  Supp. 3d 412, 444-45 (D. Mass. Nov. 10, 2021), *aff'd*, 32 F.4th 82 (1st Cir. 2022); then citing
15  *Lundstrom*, 2022 WL 17330842, at *7).

16  Next, plaintiff asserts that the magistrate judge should have taken into account the
17  EEOC's "latest" guidance for implementing COVID-19 policies, that defendant "never produced
18  evidence that Koch had a medical condition that posed a direct threat to health or safety," and that
19  the magistrate judge "should be aware that [it is] not credible to assume plaintiff has a bona fide
20  deadly contagious medical condition simply because he does not wear a mask or take
21  experimental treatments for a condition he has never been diagnosed with." Pl.'s Objs. 4.
22  However, as noted above, the magistrate judge appropriately considered the relevant EEOC
23  guidance in effect at the time relevant to this action. Moreover, the magistrate judge correctly
24  analyzed defendant's "direct threat" affirmative defense. The magistrate judge did not assume
25  that plaintiff had a "deadly contagious medical condition" in analyzing plaintiff's claims; rather,
26  the magistrate judge correctly noted that "[p]laintiff does not allege that [d]efendant ever
27  classified him as having a COVID-19 inflection that was severe enough to substantially limit one
28

1  of his major life activities," but rather, "classified him as refusing to follow the COVID-19 policy
2  that applied to all employees." F&R 11-12.
3       Next, plaintiff alleges that the magistrate judge erred in failing to address plaintiff's claim
4  that defendant's COVID-19 policy "is illegal." Pl.'s Objs. 5. Specifically, plaintiff claims that
5  defendant "had no legal duty nor authority to impose its [COVID-19 policy] . . . not only because
6  it [violates] the ADA, but also [because] the legislature has not made any new laws requiring
7  'Covid treatments,' the public health law policy remains the same, there is no new legislative
8  authority defendant has pointed to which authorizes any employer to demand non-job-related
9  medical treatments and inquiries as a new condition of employment." *Id.* First, as noted,
10 defendant did not subject plaintiff to disability-related inquiries or examinations. Second,
11 defendant need not point to a law giving it the authority to implement a policy in its business.[2]
12 Plaintiff alleged that defendant's COVID-19 policy violated the ADA, but as noted above, it did
13 not.[3]
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24

---

25 [2] Moreover, defendant correctly notes that section 3205(c) of the California Code of Regulations required "employers to establish, implement, and maintain an effect Injury and Illness Prevention
26 Program" regarding COVID-19. Doc. 17 at 7.

27 [3] Given the finding that plaintiff's complaint should be dismissed with prejudice for failure to state a claim, the Court need not address plaintiff's arguments regarding exhaustion of his
28 administrative remedies.

Accordingly,

1. The findings and recommendations issued November 12, 2024, Doc. 34, are ADOPTED IN FULL;
2. Defendant's motion to dismiss, Doc. 9, is GRANTED;
3. This case is DISMISSED with prejudice; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  March 6, 2025

UNITED STATES DISTRICT JUDGE